**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| FRANK DiGREGORIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **Civil No. 2017-23** |
| | ) |
| **STARWOOD HOTEL & RESORTS** | ) |
| **WORLDWIDE, INC.; VISTANA** | ) |
| **SIGNATURE EXPERIENCES, INC.;** | ) |
| **WESTIN ST. JOHN RESORTS &** | ) |
| **VILLAS, INC.; and WESTIN ST.** | ) |
| **JOHN HOTEL COMPANY, INC.,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

ATTORNEYS:

**Thomas F. Friedberg**
Law Offices of Friedberg & Bunge
610 W. Ash, Ste. 1400
San Diego, CA 92101
    *For Frank DiGregorio,*

**Bennett Chan**
The Law Offices of Bennett Chan
9800 Buccaneer Mall Box # 1
St Thomas, VI 00802
**Michelle T. Meade**
9800 Buccaneer Mall, Suite 1
St. Thomas, VI 00801
    *For Starwood Hotel & Resorts Worldwide, Inc.; Vistana*
    *Signature Experiences, Inc.; and Westin St. John Hotel*
    *Company, Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of Vistana Signature Experiences, Inc. and Westin St. John Hotel Company, Inc. to dismiss this case for lack of subject-matter jurisdiction.

## I.   FACTUAL AND PROCEDURAL HISTORY

On or about May 2, 2015, Frank DiGregorio ("DiGregorio") was present on the property known as Westin St. John Resort and Villas. He slipped, tripped, and fell. As a result, he was injured.

Thereafter, DiGregorio filed a complaint in this Court. His complaint alleges negligence claims against Starwood Hotel & Resorts Worldwide, Inc. ("Starwood"); Vistana Signature Experiences, Inc. ("Vistana"); Westin St. John Resorts & Villas, Inc.; and Westin St. John Hotel Company, Inc. (the "Hotel Company").

On June 16, 2016, Starwood filed a motion to dismiss for lack of subject-matter jurisdiction. The same day, Starwood filed an amended motion to dismiss. Vistana and the Hotel Company joined in the amended motion to dismiss.

On June 27, 2016, DiGregorio dismissed Starwood and Westin St. John Resorts & Villas, Inc. from the action. Accordingly,

Vistana and the Hotel Company are the only remaining defendants affected by the pending motion.

## II.  DISCUSSION

A party may bring either a facial or a factual challenge to the Court's subject-matter jurisdiction pursuant to Rule 12(b)(1). *Gould Electronics, Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). In considering a facial challenge under Rule 12(b)(1), all material allegations in the Complaint are taken as true. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"); *Mortensen*, 549 F.2d at 891 (explaining that, in ruling upon a facial attack under Rule 12(b)(1), "the court must consider the allegations of the complaint as true"). Indeed, the "standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 (3d Cir. 2006).

"[A] factual challenge[] attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.' " *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d

Cir. 2016) (original alterations omitted) (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)); *see also Berardi v. Swanson Mem'l Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990) (holding that the factual basis for jurisdictional allegations in a complaint could be disputed before an answer was served). Where a motion to dismiss factually challenges the district court's jurisdiction, the court is not confined to the allegations in the complaint, but can consider other evidence, such as affidavits, depositions, and testimony, to resolve factual issues related to jurisdiction. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (stating that because at issue is the very power of the trial court to hear the case, a court is free to weigh evidence beyond the allegations in the complaint). Furthermore, "no presumptive truthfulness attaches to plaintiff's allegations" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.*

## III.  ANALYSIS

The complaint alleges that this Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. §1332. ECF No. 1, at ¶ 5. The Court may only exercise its diversity jurisdiction where, "in cases with multiple plaintiffs

or multiple defendants, no plaintiff . . . [is] a citizen of the

same state as any defendant." *Zambelli Fireworks Mfg. Co. v.*

*Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

The motion to dismiss raises a facial challenge to the

Court's subject matter jurisdiction. Specifically, the motion

asserts that DiGregorio has not adequately alleged the

citizenship of the corporate defendants. In the complaint,

DiGregorio alleges, with respect to Vistana and the Hotel

Company, that:

> 3. Plaintiff is informed and believes, and based thereupon alleges, that Defendant, VISTANA SIGNATURE EXPERIENCES, INC., is a Delaware corporation and is doing business as the Westin St. John Resort and Villas on the Island of St. John within the Territory of the United States Virgin Islands.

> 4. Plaintiff is informed and believes, and based thereupon alleges, that Defendant, WESTIN ST. JOHN RESORTS & VILLAS, INC., and WESTIN ST. JOHN HOTEL COMPANY, INC, are Virgin Islands corporations and doing business as the Westin St. John Resort and Villas on the Island of St. John within the Territory of the United States Virgin Islands.

ECF No. 1, at ¶¶ 2-4.

When plaintiffs seek to invoke this Court's diversity

jurisdiction, they bear the burden of pleading the citizenship

of each of the parties. *See Lincoln Ben. Life Co. v. AEI Life,*

*LLC*, 800 F.3d 99, 106-10 (3d Cir. 2015). Corporations are

citizens of both the state where they are incorporated and the

state in which their principal place of business is located. *See* 28 U.S.C. §1332(c)(1). As such, "[a]n allegation as to where . . . [a corporation] has its principal place of business is a jurisdictional requirement." *Guerrino*, 423 F.2d at 421.

Here, DiGregorio alleges the state of incorporation for Vistana and the Hotel Company. DiGregorio also alleges that Vistana and the Hotel Company *do business* in the Virgin Islands. He has not alleged the location of either defendant's *principal place of business*. Therefore, his allegations regarding the citizenship of Vistana and the Hotel Company are insufficient.[1] *See id.* Accordingly, the Court will dismiss the complaint for failure to adequately plead subject-matter jurisdiction.

The premises considered; it is hereby

**ORDERED** that the amended motion to dismiss is **GRANTED** insofar as it asserts a facial challenge to subject matter jurisdiction; it is further

**ORDERED** that the complaint is **DISMISSED** for lack of subject matter jurisdiction; and it is further

---

[1] The Court also notes that with respect to his own citizenship, DiGregorio merely alleges that he is a resident of Connecticut. ECF No. 1, at ¶ 1. That allegation does not adequately allege his citizenship for purposes of determining diversity jurisdiction. *See Guerrino v. Ohio Cas. Ins. Co.*, 423 F.2d 419, 421 (3d Cir. 1970) ("The individual plaintiffs are described as residents, not as 'citizens'. Allegations of citizenship are required to meet the jurisdictional requirement.").

**ORDERED** that by no later than Friday, March 23, 2018, at 3:00 P.M., DiGregorio may file an amended complaint properly pleading the citizenship of the parties. Failure to do so may result in the dismissal of this action with prejudice.

S\_____

**Curtis V. Gómez**
**District Judge**